IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

No. 16-16663

MANUEL DE JESUS ORTEGA MELENDRES, *et al.*,

Plaintiffs-Appellees

and

UNITED STATES OF AMERICA,

Intervenor-Plaintiff-Appellee

v.

MARICOPA COUNTY,

Defendant

---

GERARD A. SHERIDAN,

Movant-Appellant

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

---

PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS MOVANT-APPELLANT SHERIDAN'S APPEAL

---

Sheridan has provided no basis for standing to pursue any of the relief he seeks on appeal. His assertion that nonparties or civil contemnors are somehow exempt from standing requirements ignores the jurisdictional nature of Article III. And he has established no injury stemming from the district court's remedial orders or continued oversight of the post-judgment proceedings of the sort that would permit him to seek appeal.

Sheridan lacks any direct connection to the relief ordered against the Maricopa County Sheriff's Office (MCSO) or to future proceedings in the district court sufficient for standing. He has no cognizable interest in the injunction's reopening of certain MCSO internal affairs investigations, which have no disciplinary consequences for him as a *former* employee. He lacks any basis to seek the district court judge's or monitor's recusal or reassignment, and he cannot seek vacatur of the district court's findings alone.

Sheridan has also failed to establish any injury in fact redressable in this appeal. Factually, Sheridan fails to demonstrate that the relief he seeks will "restore his . . . reputation," Doc. 50 at 15, where he has publicly admitted to the underlying contumacious acts, or that he will incur any future professional injury following his retirement. Legally, reputational harm from contempt findings cannot alone confer standing. Efforts to establish any redressable injury from independent investigations—by court-appointed independent authorities, by an independent state

agency, and in separate (completed) criminal contempt proceedings—likewise fall short, identifying neither injury in fact nor redressability. This Court lacks jurisdiction.

## I. Sheridan Must Establish Article III Standing.

The "irreducible constitutional minimum of standing" in fact applies equally to nonparties. *See United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017). Sheridan mistakenly relies on certain "exceptional circumstances" for non-party appeals described in *Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004)—but a non-party must both have Article III standing and show "exceptional circumstances" to pursue an appeal. *Kovall*, 857 F.3d at 1068 & n.6. A "litigant with standing" is in fact *always* necessary "[f]or all relief sought." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (holding that an intervenor of right must have standing to pursue relief that the plaintiff does not seek).

Sheridan similarly provides no ground to support his argument that a non-party civil contemnor may always appeal. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988), is in fact consistent with dismissal of Sheridan's appeal. As Sheridan highlights, Doc. 50 at 12, it found appellate standing for a non-party contemnor that did *not* seek to appeal a "matter[] in which it ha[d] no legitimate interest," *U.S. Catholic Conference*, 487 U.S. at 76. Sheridan has not met his burden to establish such a "legitimate interest." *See id.*

## II. Sheridan Lacks Any Direct Stake in the Injunctive Relief or in Recusal.

Sheridan has failed to establish a connection to any of the relief he seeks—either to the district court's injunction following the contempt proceedings or to the court's future recusal—that provides standing. *See Town of Chester*, 137 S. Ct. at 1650 (litigant "must demonstrate standing for . . . each form of relief that is sought" (citation omitted)). *Union of Professional Airmen v. Alaska Aeronautical Industries*, 625 F.2d 881 (9th Cir. 1980), which held that a non-party civil contemnor who "ha[d] no interest in . . . appeal from [a] civil contempt order" could not sustain appeal, *id.* at 884, is directly applicable. Though Sheridan argues that that holding pertained to monetary fines, the nature of the ordered relief did not matter to the analysis.[1] *Id.* Just as the *Union of Professional Airmen* contemnor had no stake sufficient for appeal where his employer was responsible for the ordered relief, *id.*, Sheridan lacks any interest here, where the MCSO and Maricopa County, not he, are responsible for the contempt remedies.

Sheridan inaccurately suggests that the possibility of an adverse finding in ongoing internal affairs investigations reopened by the injunction provides a sufficient connection for appeal. Doc. 50 at 6–7. The district court invalidated certain internal affairs investigations and appointed independent authorities to conduct the

[1] Moreover, the district court here ordered monetary compensation in addition to injunctive relief. ER 308.

investigations anew for the MCSO, as described *infra* Part III.B, in order to uphold the rights of the Plaintiff class. ER 5. Sheridan fails to explain why his claim that the second supplemental injunction "brought Sheridan into the litigation," Doc. 50 at 11, by ordering new investigations into conduct by him and others, is viable in light of *Marino v. Ortiz*, 484 U.S. 301 (1988). The *Marino* Court barred appeal by non-party police officers claiming particularized harms—lost promotions—due to injunctive relief issued against their agency. *Id.* at 303–04. Sheridan provides no reason to think that the issuance of general injunctive relief with a particularized effect on certain employees here should be treated differently. He can in no way rely on his status as a civil contemnor to challenge any portion of the district court's injunction as beyond its *equitable* powers, since those portions of the injunction are not contempt remedies and he was not a party to the initial litigation. *See* Doc. 38 at 9–11. And because the only interest he even alleges is in the investigations, he clearly lacks standing to challenge any other injunctive relief. *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013) ("direct stake" required).

Sheridan likewise has provided no basis to seek the district court's or monitor's recusal from ongoing compliance efforts in the district court. He does not directly confront case law demonstrating that courts regularly limit standing to seek recusal to parties. *See* Doc. 38 at 13 (collating cases). *In re Cement Antitrust Litigation*, 688 F.2d 1297 (9th Cir. 1982), and *United States v. Sciarra*, 851 F.2d 621

(3d Cir. 1988), in fact show that Sheridan is neither a "party" nor involved in a "proceeding" under 28 U.S.C. § 455. *In re Cement Antitrust Litigation* construed "party" in § 455 to encompass class members because they "are included in the benefits and burdens of a judgment on an equal basis" and so "where it counts . . . are identical" to parties. 688 F.2d at 1310 (citation omitted). Both *Sciarra* and *United States v. Patterson*, 292 F. App'x 835 (11th Cir. 2008), concluded that a "proceeding" for § 455 purposes requires "the judge's participation in decisions affecting the substantive rights of" the litigant seeking recusal. *Patterson*, 292 F. App'x at 836 (quoting *Sciarra*, 851 F.2d at 635). Sheridan is not involved in the judgment, and there are no such ongoing or future "proceedings" in the district court; he therefore now cannot seek prospective recusal under § 455.

Factually, Sheridan has not demonstrated that recusal of the district court and its monitor would redress any purported injury from the internal affairs investigations, even if such injury existed. Any asserted injuries from *past* actions by the district court are not redressable by recusal from *future* proceedings. And, as described *infra*, Sheridan has failed to show that recusal by the court and its monitor would be likely to have any effect on the independent investigations.

Because Sheridan lacks standing to challenge the underlying judgment, he cannot seek vacatur of the contempt findings alone. Sheridan fails to address Plaintiffs-Appellees' argument that appellate courts lack power to address "the

district court's legal rulings in the abstract," independent of ordered relief. Doc. 38 at 15 (quoting *Nat. Res. Def. Council v. Gutierrez*, 457 F.3d 904, 905–06 (9th Cir. 2006)). "[F]ederal appellate courts[] do[] not review lower courts' opinions, but their *judgments*." *Jennings v. Stephens*, 135 S. Ct. 793, 799 (2015); *see also Warner/Elektra/Atl. Corp. v. Cty. of DuPage*, 991 F.2d 1280, 1282 (7th Cir. 1993) (explaining that an appellant lacks standing to "complain[] not about a judgment but about a finding"). Sheridan cannot appeal to obtain deletion of findings.

## III. Sheridan Has Put Forward No Redressable Injury in Fact for Standing.

### A. Purported Reputational Harm Does Not Suffice for Standing.

Sheridan's vague and conclusory claims of reputational harm, including damage to his "professional reputation" and the stain of "moral stigma," do not establish standing to appeal—particularly in light of his public admission to civil contempt, Doc. 38, Ex. 4 at 1–3. Standing cannot be "inferred argumentatively" from assertions in briefing, but rather must be based on facts that "affirmatively appear in the record." *Spencer v. Kemna*, 523 U.S. 1, 10–11 (1998) (internal quotation marks omitted). Sheridan provides no concrete "allegations, much less evidence, as to [the] present or future consequences" of the civil contempt citation, ongoing independent investigations, or criminal contempt referral on his reputation. *Advanced Mgmt. Tech., Inc. v. F.A.A.*, 211 F.3d 633, 636 (D.C. Cir. 2000) (vague and hypothetical allegations of harm to business's reputation insufficient for appellate standing). Nor

could he. There is absolutely no indication that relief from this Court would "restore" Sheridan's reputation, Doc. 50 at 15, where he has publicly admitted to contumacious acts. Moreover, Sheridan has not established that he has any professional reputation at stake. He retired from the MCSO, *see* Doc. 38, Ex. 5 at 4 n.2, and he has provided no sign that he intends to pursue future employment.

Even if Sheridan were alleging concrete reputational harm, such "reputational injury, without more, will not satisfy Article III standing," *Foretich v. United States*, 351 F.3d 1198, 1212 (D.C. Cir. 2003), as Sheridan concedes, Doc. 50 at 17. Sheridan fails to directly confront the extensive authority cited by Plaintiffs-Appellees establishing that reputational harm from a civil contempt citation or more serious finding alone cannot confer standing. *See* Doc. 38 at 17–18. As *Foretich* explains, reputational harm does not confer standing "*when [a] government action itself no longer presents an ongoing controversy*." 351 F.3d at 1212–13. Sheridan's claim that the appeal presents such an action rests on circular logic. If true, any finding or contempt citation could provide standing to appeal due to reputational harm—contrary to well-established case law, including *Foretich*.

The cases on which Sheridan relies are inapposite.[2] Neither *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014), nor

---

[2] *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation v. Standard Oil Co.*, 747 F.2d 1303 (9th Cir. 1984), in fact does not touch on reputational injury's significance to standing.

*Walker v. City of Lakewood*, 272 F.3d 1114 (9th Cir. 2001), determined that reputational harm alone conferred standing. Rather, both accounted for harm to business reputation as potential economic injury in determining that injury in fact based on economic loss existed. *Lexmark*, 134 S. Ct. at 1386 (finding standing to bring a false advertising claim based on economic loss from "lost sales and damage to . . . business reputation"); *Walker*, 272 F.3d at 1124 n.3, 1125 (noting consideration of "reputational harm" and ultimately finding standing where "time, money, or business lost could be directly redressed by a damage award").

Reliance on *United States v. Talao*, 222 F.3d 1133 (9th Cir. 2000), is also misplaced. The *Talao* court concluded that a district court's sanction of a non-party attorney was functionally a formal reprimand, where the district court found that the attorney violated the state Rules of Professional Conduct. *Id.* at 1137–38 (distinguishing between mere criticism and reprimand). Here, the district court made no analogous finding regarding Sheridan's compliance with professional standards. Sheridan has provided no reason to treat a civil contempt remedy issued to ensure the MCSO's compliance with injunctive relief protecting the Plaintiff class as akin to a punitive professional reprimand of Sheridan himself.

### B. Sheridan Provides No Other Basis for Standing.

Sheridan suggests that the possibility of an adverse finding in reopened and new internal affairs investigations alone confers standing for non-party appeal,

including vacatur of the district court's injunctive relief. Doc. 50 at 7. But Sheridan overreads the criminal case *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016), which, far from jettisoning Article III, found injury in fact from imminent loss of liberty, in a criminal proceeding to which McIntosh was a party. *Id.* at 1173–74. Sheridan is not a party and has established no commensurate imminent injury. As he acknowledges, given his retirement he will suffer no disciplinary consequences from any adverse finding. Doc. 50 at 12. And such a finding from the ongoing independent investigations is, as discussed below, entirely speculative.

Sheridan also lacks standing to seek the district court judge's and monitor's recusal from future proceedings due to reopened and new investigations. The court-appointed independent authorities are just that—*independent*. While Sheridan attempts to portray them as under the control of the district court, they in fact have complete, unfettered discretion over the investigations and issuance of discipline. ER 61 (providing that the independent investigator "should make independent decisions within his own delegated responsibility" and has "the sole authority to determine whether reinvestigations or new charges . . . should or should not be pursued"); ER 63, 65 (stating that the independent disciplinary authority is "the final arbiter of the facts" and has "the duty . . . to determine the level of discipline" in the event of misconduct, and that his decisions are "final"). Because the district court "cannot presume either to control or to predict" these independent actors' "exercise

of broad and legitimate discretion," Sheridan must show that they will make their independent decisions such that any injury will be redressed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992) (citation omitted). He has not done so and could not. The district court does not control the results of the investigations or the discipline that may issue. There is no reason to think that recusal will have any effect on them.

The independent Arizona Peace Officer Standards and Training Board investigation, not redressable in these proceedings, likewise provides no basis for standing. Redressability centers not on the cause of the investigation but on whether this Court's actions are "likely" to provide Sheridan with relief from that investigation's purported injury to him. *Id.* at 561. Because there is no indication that the state agency's investigation would halt due to this Court's decision, they are not. *See* Doc. 38 at 19–20 (describing lack of redressability). Moreover, with Sheridan's retirement any harm to future employment is at best highly speculative. Sheridan likewise fails to address Plaintiffs-Appellees' argument that the criminal contempt referral is not redressable in these proceedings, *see* Doc. 38 at 20, and he also has not separately appealed that referral.

## CONCLUSION

Sheridan's appeal must be dismissed for lack of standing.

Respectfully submitted,

Dated: June 29, 2017

/s/ Kathryn L. Huddleston
Kathleen E. Brody
Brenda Muñoz Furnish
Kathryn L. Huddleston
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
kbrody@acluaz.org

Andre Segura
Cecillia D. Wang
ACLU FOUNDATION
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654
asegura@aclu.org

Anne Lai
401 E. Peltason, Suite 3500
Irving, CA 92697
Telephone: (949) 824-9894
Facsimile: (949) 824-0066
alai@law.uci.edu

Stanley Young
Hyun Sik Byun
COVINGTON & BURLING, LLP
1 Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566
syoung@cov.com

Counsel for *Plaintiffs-Appellees*

**CERTIFICATE OF SERVICE**

I, Kathryn L. Huddleston, hereby certify that on June 29, 2017 copies of this Reply in Support of Plaintiffs-Appellees' Motion to Dismiss Movant-Appellant's Appeal were electronically filed via the Court's CM/ECF system.

Dated: 06/29/2017

/s/ Kathryn L. Huddleston
Kathryn L. Huddleston
ACLU Foundation of Arizona
3707 N. 7th Street, Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
khuddleston@acluaz.org