FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL DE JESUS ORTEGA MELENDRES, on behalf of himself and all others similarly situated; et al., <br><br> Plaintiffs-Appellees, <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor-Plaintiff-Appellee, <br><br> v. <br><br> MARICOPA COUNTY, <br><br> Defendant, <br><br> v. <br><br> GERARD A. SHERIDAN, <br><br> Movant-Appellant. | No. 16-16663 <br><br> D.C. No. 2:07-cv-02513-GMS District of Arizona, Phoenix <br><br><br> ORDER |

Before: WALLACE, GRABER, and BERZON, Circuit Judges.

Before the court are two motions to dismiss this appeal, one filed by the individual Plaintiff-Appellees and one by the government. We conclude that Sheridan's appeal is moot and therefore GRANT the motions to dismiss.

Sheridan, a non-party civil contemnor, has incurred no personal liability, financial or otherwise, as a result of the district court's judgment or finding of civil contempt. Although he originally was bound by the judgment insofar as it imposed obligations on the Maricopa County Sheriff's Office, where he was then employed, his subsequent retirement mooted that interest. Accordingly, he now lacks the necessary interest to maintain this appeal. *See Union of Prof'l Airmen v. Alaska Aeronautical Indus., Inc.*, 625 F.2d 881, 884 (9th Cir. 1980).

The asserted harm to Sheridan's reputation is insufficient to save his appeal from mootness. *See Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1075 (9th Cir. 2005). First, Sheridan has no standing to "seek appellate excision of the district court's ruling" that he committed civil contempt. *Nat. Res. Def. Council v. Gutierrez*, 457 F.3d 904, 906 (9th Cir. 2006) (order). Second, the district court's criminal contempt referral, standing alone, carries no legal consequences, and Sheridan has since been dismissed from the criminal contempt proceedings on the ground that the statute of limitations has run. Third, the Arizona Peace Officer Standards and Training Board investigation, which arose from the criminal contempt referral, is an independent investigation whose resolution "depends on the unfettered choices made by independent actors not before the courts." *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 695 (9th Cir. 2010), *quoting Lujan v. Defs.*

2

*of Wildlife*, 504 U.S. 555, 562 (1992). Finally, to the extent Sheridan argues that the district court's actions interfere with his ability to procure future employment, he has not identified "even one such job for which [he] has in fact applied." *Sandidge v. Washington*, 813 F.2d 1025, 1026 (9th Cir. 1987).

Sheridan also lacks standing to seek recusal of the district judge and monitor since, for the reasons mentioned, he has no legally cognizable interest in the litigation at this point. *Cf. United States v. Sciarra*, 851 F.2d 621, 636 (3d Cir. 1988) (holding that non-party witnesses lacked standing to move for recusal of judge where there was "no pending action before [the judge] in which the rights of the [witnesses] [were] at issue").

Accordingly, Sheridan's appeal is moot and must be dismissed.

**IT IS SO ORDERED.**